UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KELVIN FRAZIER,

    Plaintiff,

v.                                                    Case No. 3:17cv475/MCR/CJK

CAPTAIN BURCH, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff Kelvin Frazier, DOC # 099699, is a Florida inmate presently confined at Mayo Correctional Institution Annex. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), a motion to proceed *in forma pauperis* (doc. 2), and a motion for appointment of counsel (doc. 3). Upon review of plaintiff's complaint and prior litigation history, the court concludes that this case should be dismissed under 28 U.S.C. § 1915(g), because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee upon initiating this suit.

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the

> prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).  The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff concedes that he is subject to the § 1915(g) three-strikes bar.  (Doc. 1, p. 4A).  Plaintiff's status as a three-striker has been recognized by this court.  *See Frazier v. Bowman, et al.*, No. 3:13cv10/LC/EMT, Doc. 4 (N.D. Fla. Jan. 16, 2013), *Report and Recommendation adopted*, Doc. 5 (N.D. Fla. Feb.15, 2013) (dismissing case pursuant to three-strikes bar and identifying qualifying cases).

As plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown, supra*. Plaintiff's complaint is devoid of any such allegations. Plaintiff alleges that while he was housed at Santa Rosa Correctional Institution in 2013, officer there retaliated against him for filing grievances, used excessive force on him, and conspired to violate his constitutional rights. (Doc. 1, pp. 5-7). Allegations of past danger do not invoke § 1915(g)'s imminent danger exception. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to [§ 1915(g)]"); *see also, e.g., Owens v. Schwartz*, 519 F. App'x 992, 994 (11th Cir. 2013) (same as to a prisoner who was transferred to a different institution subsequent to the incident giving rise to his complaint (*citing Medberry*)). Because plaintiff is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this suit, this case should be dismissed under § 1915(g).

Accordingly, it is ORDERED:

Plaintiff's motion for appointment of counsel (doc. 3) is DENIED.

And it is respectfully RECOMMENDED:

1.  That plaintiff's motion to proceed *in forma pauperis* (doc. 2) be DENIED and this action DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 21st day of July, 2017.

>  */s/* *Charles J. Kahn, Jr.*
>  **CHARLES J. KAHN, JR.**
>  **UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.